T.C. Summary Opinion 2003-42


UNITED STATES TAX COURT



JAMES T. REDMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1919-01S.                    Filed April 22, 2003.


James T. Redman, pro se.

Edward J. Laubach, Jr., for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $1,560 for taxable year 1998. After concessions,[1] the issues for decision are: (1) Whether petitioner qualifies for head-of-household filing status and (2) whether petitioner's daughter is a "qualifying child" with respect to petitioner for purposes of the earned income credit under section 32.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Morgantown, West Virginia.

Petitioner and Kim Lake are the biological parents of Justice T. Redman (hereinafter Justice), who was born July 22, 1996. Petitioner and Kim Lake were not married, nor did they live in the same household during 1998.

The Circuit Court of Monongalia County, West Virginia, entered on December 9, 1998, a court order (Monongalia County court order) that provided in pertinent part:

> 5. * * * [Kim Lake] and * * * [petitioner] will
> follow a joint custody arrangement concerning the minor
> child as follows: * * * [Kim Lake] 60% and * * *
> [petitioner] 40%, or 219 overnights to * * * [Kim Lake]
> and 146 overnights to * * * [petitioner] * * *.

---

[1] Respondent concedes that petitioner is entitled to claim his daughter, Justice T. Redman, as a dependent for the 1998 taxable year. Respondent further concedes that petitioner is entitled to an earned income credit of $341 for 1998.

On his 1998 Federal income tax return, petitioner claimed head-of-household filing status.  Petitioner reported wage income of $5,352 and unemployment compensation of $1,100.  He also claimed the earned income credit of $1,828, with Justice as a qualifying child.

Respondent issued petitioner a notice of deficiency dated November 3, 2000, determining that:  (1) Petitioner was not entitled to head-of-household filing status, and (2) petitioner was not entitled to claim Justice as a qualifying child with respect to the earned income credit.[2]  Respondent contends that petitioner did not maintain the principal place of abode for Justice for more than one-half of the 1998 taxable year.  Rather, respondent contends that Kim Lake did so.

Petitioner contends that the Monongalia County court order, which granted petitioner 40 percent joint custody, does not apply to the 1998 taxable year.  Petitioner contends that he and Kim Lake had a separate arrangement for 1998 in which he would have custody of Justice for half the week throughout the year, but that there was no set schedule under this arrangement.

---

[2]  In the notice of deficiency, respondent also determined that petitioner was not entitled to a claimed dependency exemption with respect to Justice.  However, as previously indicated, respondent conceded this issue at the time of trial.

Discussion

The burden of proof is on petitioner to show that he is entitled to the head-of-household filing status and that Justice is a "qualifying child" with respect to petitioner for purposes of the earned income credit under section 32.[3]  Rule 142(a).

1.  Filing Status

An individual taxpayer qualifies as a head of household if such individual is not married at the close of the taxable year, is not a surviving spouse, and "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of a son or daughter of the taxpayer. Sec. 2(b)(1)(A).

Petitioner contends that he and Kim Lake had an arrangement for 1998, separate from the Monongalia County court order, in which he would have custody of Justice for half the week throughout the year.  His contention, even if accurate, would not satisfy the requirement of section 2(b)(1)(A) that a taxpayer maintain the principal place of abode for his or her child for "more than one-half" of the taxable year.  In addition, petitioner's contention is not supported by the record.  Kim Lake

_____

[3]  Sec. 7491 does not apply to shift the burden of proof to respondent because petitioner has not established that he complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.  In any event, deciding who has the burden of proof is not determinative of the outcome of this case.

testified that petitioner had custody of Justice for 2 nights per week and for a couple of hours every other day throughout the week. We found Kim Lake to be a credible witness. We note that Kim Lake's testimony was generally consistent with the terms of custody set forth in the Monongalia County court order. Petitioner is not entitled to head-of-household filing status for the 1998 taxable year.

2. <u>Earned Income Credit</u>

A taxpayer may claim the earned income credit if he or she is an "eligible individual". Sec. 32(a). The term "eligible individual" is statutorily defined to include either "any individual who has a qualifying child for the taxable year" or "any other individual who does not have a qualifying child for the taxable year". Sec. 32(c)(1)(A). This definitional distinction is important because it affects the amount an eligible individual may claim for the earned income credit. For example, an eligible individual with no qualifying child is entitled to an earned income credit of no more than $341 for the 1998 taxable year, whereas an eligible individual with 1 qualifying child is entitled to no more than $2,271. Rev. Proc. 97-57, sec. 3.03, 1997-2 C.B. 584, 586.

Respondent concedes that petitioner is entitled to the earned income credit, but only to the extent that petitioner is

an eligible individual with no qualifying children.[4]  In particular, respondent contends that Justice is not a qualifying child with respect to petitioner for the 1998 taxable year.  We agree.

"The term 'qualifying child' means, with respect to any taxpayer for any taxable year, an individual * * * who has the same principal place of abode as the taxpayer for more than one-half of such taxable year".  Sec. 32(c)(3)(A).  As discussed above, petitioner has not met his burden of showing that Justice had the same principal place of abode as petitioner for more than one-half of the 1998 taxable year.  Accordingly, Justice is not a "qualifying child" with respect to petitioner for purposes of the earned income credit under section 32.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[4]  At the time of trial, respondent conceded that petitioner was entitled to claim an earned income credit of $341, which is the maximum amount that could be claimed for the 1998 taxable year by an eligible individual with no qualifying children.  See Rev. Proc. 97-57, sec. 3.03, 1997-2 C.B. 584, 586.  We accept respondent's concession.